KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Gutierrez, ) | No. CV 06-946-PHX-DGC (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph M. Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Christian Gutierrez, confined in Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. This is one of more than 1,000 civil rights actions filed since September 2004 by current and former Maricopa County Jail inmates.[1] The Court will require an answer to the Complaint.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250.00. Plaintiff is assessed an

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

1 initial partial filing fee of $13.06. The remainder of the fee will be collected monthly in
2 payments of 20% of the previous month's income each time the amount in the account
3 exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the
4 appropriate government agency to collect the fees according to the statutory formula.

5 **II. Statutory Screening of Prisoner Complaints**

6 The Court is required to screen complaints brought by prisoners seeking relief against
7 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
8 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
9 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
10 be granted, or that seek monetary relief from a defendant who is immune from such relief.
11 28 U.S.C. § 1915A(b)(1), (2).

12 **III. Complaint**

13 Maricopa County Sheriff Joseph M. Arpaio is named as a Defendant in the Complaint.
14 Plaintiff alleges three grounds for relief in the Complaint: 1) conditions in the Maricopa
15 County Jail were unsanitary in violation of the Fourteenth Amendment; 2) Plaintiff's safety
16 was threatened in violation of the Fourteenth Amendment by severe overcrowding in the Jail;
17 and 3) Plaintiff received insufficient and spoiled food while in the Jail, in violation of the
18 Fourteenth Amendment. These allegations adequately state a claim and the Court will
19 require Defendant Arpaio to answer the Complaint.

20 **IV. Warnings**

21 **A. Release**

22 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
23 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
24 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
25 in dismissal.

26
27
28

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff may not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee. Plaintiff is assessed an initial partial filing fee of $13.06.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the

1 Complaint or within 60 days of the filing of this Order, whichever is later, the action may be
2 dismissed as to Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil
3 Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

4 (6) The United States Marshal shall retain the Summons, a copy of the Complaint,
5 and a copy of this Order for future use.

6 (7) The United States Marshal shall notify Defendant of the commencement of this
7 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
8 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
9 Marshal must immediately file with the Court requests for waivers returned as undeliverable
10 or waivers of service of the summons. If a waiver of service of summons is not returned by
11 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
12 Marshal must:

13 (a) Personally serve copies of the Summons, Complaint, and this Order upon
14 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

15 (b) Within 10 days after personal service is effected, file the return of service for
16 Defendant, along with evidence of the attempt to secure a waiver of service of the
17 summons and of the costs subsequently incurred in effecting service upon the
18 Defendant. The costs of service must be enumerated on the return of service form
19 (USM-285) and must include the costs incurred by the Marshal for photocopying
20 additional copies of the Summons, Complaint, or this Order and for preparing new
21 process receipt and return forms (USM-285), if required. Costs of service will be
22 taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the
23 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

24 (8) **A Defendant who agrees to waive service of the Summons and Complaint**
25 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

26 (9) Defendant must answer the Complaint or otherwise respond by appropriate
27 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
28 Rules of Civil Procedure.

TERMPSREF                                              - 4 -

1   (10) This matter is referred to Magistrate Judge Lawrence O. Anderson under Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure.
3   DATED this 10th day of July, 2006.

*David G. Campbell*
United States District Judge